# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TACUMA J. M'WANZA,

    *Petitioner*,

vs.

RENEE BAKER, et al.,

    *Respondents*.

3:14-cv-00096-LRH-VPC

ORDER

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss (ECF #9). Petitioner filed what he styled a supplement reply in support of the petition (ECF #16).

The court notes first that petitioner filed a motion for default against respondents, arguing that respondents failed to respond to the petition in the allotted time (ECF #8, pp. 1-2). As respondents pointed out in their opposition, they had filed a motion for extension of time, and then filed their motion to dismiss within that time frame (ECF #13), p. 2). Moreover, in federal habeas proceedings, "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner's motion for default is, therefore, denied.

## I. Procedural History and Background

A February 5, 2010 Las Vegas Metropolitan Police ("LVMPD") report reflects the following: police received a report of a person with a gun near a Las Vegas intersection. The caller reported that a man pulled a gun on him and a friend and had also attempted to commit a robbery by pulling out the

gun. When two officers arrived at the location, they saw Tacuma M'Wanza ("petitioner"), who generally fit the description provided. When the officers identified themselves and ordered petitioner to stop, he refused and continued walking away from the officers. The officers tased petitioner and took him into custody. They immediately patted him down and found a .38 caliber revolver in petitioner's waistband (exhibits to motion to dismiss, ECF #9, exhibit 2).[1]

On February 10, 2010, the State filed a criminal complaint charging petitioner with attempted robbery with use of a deadly weapon, carrying a concealed firearm or other deadly weapon, and possession of a firearm by an ex-felon. *Id*. At a preliminary hearing, the State moved to dismiss the attempted robbery with use of a deadly weapon charge. Exhs. 1, 2. On March 12, 2010, the State filed an information charging the two remaining offenses described above. Exh. 3. Petitioner pled not guilty. Exh. 4.

Ultimately, at an August 3, 2010 hearing, petitioner signed a guilty plea agreement. He pleaded guilty to possession of a firearm by an ex-felon; the parties stipulated that he would be adjudicated a habitual criminal, receive a sentence of 60 to 150 months, would not receive probation, and that the remaining charge of carrying a concealed firearm or other deadly weapon as well as a charge in a separate case would be dismissed. Exhs. 15-17.

At the October 7, 2010 sentencing hearing, petitioner informed the court that he had not understood what habitual criminal treatment meant even though his counsel, Monti Jordana Levy, had explained it to petitioner and his wife and that if he had understood what it meant he would not have pled guilty. Exhs. 18, 18A. On November 9, 2010, the court granted Ms. Levy's motion to withdraw as counsel. Exhs. 19, 20. On December 2, 2010, the court confirmed Carl Arnold as petitioner's counsel. Exh. 21. Petitioner filed a counseled motion to withdraw guilty plea on March 18, 2011. The court denied the motion and entered its order on April 25, 2011. Exhs. 22-25.

On April 26, 2011 and May 5, 2011, the state district court sentenced petitioner in accordance with the plea agreement to 60 to 150 months with 453 credit for time served. Exhs. 26, 27. Judgment of conviction was entered on May 11, 2011. Exh. 28.

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #9, and are found at ECF #s 10-11.

Petitioner filed a *pro se* motion to dismiss Mr. Arnold as his counsel based on his alleged failure to file an adequate motion to withdraw plea and his failure to timely file a notice of appeal, which the court granted on August 23, 2011. Exhs. 29, 30.

On November 3, 2011, petitioner filed a *pro se* postconviction petition for writ of habeas corpus in state district court, the court appointed counsel, and counsel filed a supplement to the petition and an amended supplement to the petition. Exhs. 31, 33-38. After an evidentiary hearing, the court found that petitioner had been denied a direct appeal, granted a *Lozada* appeal, and dismissed the ineffective assistance of counsel claims. Exh. 39. Notice of entry of order was filed on March 11, 2013. Exh. 40.

On March 11, 2013, petitioner filed his notice of appeal from judgment of conviction. Exh. 41. On April 2, 2013, he filed his notice of appeal from the dismissal of his state postconviction petition. Exh. 42. On January 21, 2014, the Nevada Supreme Court affirmed the judgment of conviction and affirmed the district court's dismissal of the postconviction petition. Exhs. 49, 50. Remittiturs issued on February 18, 2014. Exhs. 51, 52.

Petitioner dispatched his federal petition for writ of habeas corpus on or about February 12, 2014 (ECF #4). Respondents argue that the petition should be dismissed because several grounds are unexhausted and/or barred from federal review in the context of a guilty plea (ECF #9).

**II. Legal Standards**

    **A. Guilty Plea and Federally Cognizable Claims**

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id.* When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254–1255 (9th Cir.2011) (citing *Tollett*, 411 U.S. at 266–267, and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v.*

*Blodgett*, 393 F.3d 943, 979 (9th Cir.2004).

**B.  Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the

-4-

petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.  Instant Petition**

The petition sets forth several claims of ineffective assistance of defense counsel as well as alleged Fourth Amendment violations, and state district court errors (ECF #4, pp. 3-10).  Respondents argue that because petitioner entered a guilty plea, *Tollett* bars several of his claims from federal review (ECF #9).  Additionally, they argue that some grounds are unexhausted. *Id*.

**Ground 1**

As certain subparts of ground 1, as separated by petitioner, are duplicative, the court considers ground 1 as follows –petitioner contends that his counsel, Ms. Levy, rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights when she failed to investigate police officers' search and seizure of petitioner, which violated his Fourth Amendment rights (ECF #4, pp. 3-4). Specifically:

1(A): descriptions of the suspect provided to police were vague and inconsistent, petitioner was not wearing a "hoodie" sweatshirt when he was apprehended, as an officer testified, and the stop was clearly based solely on race;

1(B):  because the State dismissed the attempted robbery charge this could not have been the allegation of illegal activity upon which the stop and search of petitioner was predicated;

1(C): counsel failed to file the appropriate motion to challenge the stop;

1(D): due to counsel's failure to investigate, petitioner's plea was not knowingly, voluntarily and intelligently entered into; he was unaware he had a valid basis to challenge the stop, he believed he had no choice but to plead guilty because counsel told him he had a "no win" and pressured him into pleading guilty. *Id*.

Respondents argue that ground 1 is barred under *Tollett* because petitioner pleaded guilty (ECF #9). This court agrees. "[A] guilty plea represents a break in the chain of events which has preceded

it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267. A petitioner's sole avenue for relief is demonstrating that counsel's advice to plead guilty was deficient. *Fairbank v. Ayers*, 650 F.3d at 1254–1255 (citing *Tollett*, 411 U.S. at 266-267). However, as the Court made it clear in Tollett:

> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry. And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.

411 U.S. at 267. Assuming, *arguendo*, the truth of petitioner's factual allegations here of counsel's failure to investigate, such facts would not suffice to demonstrate that the specific advice of counsel to plead guilty was deficient. Accordingly, ground 1 is dismissed in its entirety as not federally cognizable pursuant to *Tollett*.

**Grounds 2(A) and 2(B)**

In federal grounds 2(A) and 2(B), petitioner asserts that his conviction violates his Fourth Amendment right to be free from unreasonable searches and seizures (ECF #4, pp. 6-7). Petitioner argues that the descriptions of the suspect were vague, the officer's testimony as to what petitioner was wearing was incorrect, petitioner did not even match the vague descriptions provided, and the stop was unconstitutionally based solely on race. *Id*.

Respondents' argue that petitioner's independent, substantive Fourth Amendment claims are barred under *Stone v. Powell*. In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

///

However, *Stone* is not applicable to this case involving a guilty plea. Instead, *Tollett* forecloses federal habeas review of petitioner's substantive Fourth Amendment claims in ground 2 because he pleaded guilty, which, again, "represents a break in the chain of events which has preceded it in the criminal process." 411 U.S. at 267; *Fairbank*, 650 F.3d at 1254–1255. Accordingly, grounds 2(A) and 2(B) are dismissed as not cognizable in federal habeas proceedings.

Also in ground 2, petitioner mentions ineffective assistance claims that he already set forth in ground 1. Thus, any ineffective assistance of counsel claims in grounds 2(A) and 2(B) are dismissed as duplicative as well as noncognizable in these federal proceedings.

**Grounds 3(A) and 3(B)**

Petitioner claims in ground 3(A) that the cumulative effect of the state district court's errors violated his Fourteenth Amendment due process rights, because the court: failed to inquire into the basis of petitioner's statement during the plea canvass that petitioner felt forced to plead guilty, and instead the court ended the colloquy; relied on non-felonies to adjudicate petitioner a habitual criminal; and failed to review the entire record to determine the validity of the plea (ECF #4, p. 9). Respondents argue that these claims were presented to the Nevada Supreme Court solely as matters of state law and are therefore unexhausted (ECF #9, pp. 10-12).

This court has reviewed the briefing here as well as the state court proceedings and concludes that this cumulative error claim was presented to the Nevada Supreme Court as a violation of petitioner's Fourteenth Amendment rights to due process and a fair trial. Accordingly, the claim of the cumulative effect of these alleged district court errors is exhausted and cognizable here.

Petitioner again mentions ineffective assistance claims in ground 3(A) and ground 3(B) that he already set forth in ground 1. Thus, any ineffective assistance of counsel claims in ground 3(A) as well as the entirety of ground 3(B) are dismissed as duplicative as well as noncognizable in these federal proceedings.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #9) is **GRANTED** in part and **DENIED** in part as follows:

///

1. Grounds 1 and 2 are **DISMISSED** in their entirety as noncognizable in this federal habeas proceeding.

2. The claim in ground 3(A) that the cumulative effect of the following district court errors: failure to inquire into the basis of petitioner's statement during the plea canvass that petitioner felt forced to plead guilty, and instead ending the colloquy; relying on non-felonies to adjudicate petitioner a habitual criminal; and failing to review the entire record to determine the validity of the plea is **EXHAUSTED** and federally cognizable.

3. The remainder of ground 3(A) as well as ground 3(B) in its entirety are **DISMISSED** as noncognizable in this federal habeas proceeding.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from the date of this order to file an answer to petitioner's remaining claims for relief in ground 3(A). The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion for preliminary consideration due to default (ECF #8) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to respond to the petition (ECF #7) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion to extend time (ECF #14) and emergency motion for extension of time (ECF #15) are both **GRANTED** *nunc pro tunc*.

Dated this 13th day of August, 2015.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-8-